**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00182-CR**
_____

**DANNY SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 17-27304**
_____

**MEMORANDUM OPINION**

A jury found appellant Danny Smith guilty of burglary of a building. Smith

pleaded "true" to two enhancement paragraphs, the jury assessed Smith's

punishment as a habitual offender at twenty years of confinement, and the jury

imposed a $500 fine. On appeal, Smith argues that reversible error occurred when

the State elicited hearsay evidence (1) from an unidentified detective identifying

appellant as the perpetrator of the offense, and (2) by implication from a civilian identifying appellant as the perpetrator of the offense.

## Background

Deputy Bianey Torres with the Jefferson County Sheriff's Department testified that on the morning of April 9, 2017, she was dispatched to the Longhorn convenience store in Hampshire that had reportedly been burglarized. According to Deputy Torres, when she arrived at the store, she observed that although the padlock on the store doors was still intact, the bottom glass panel of one of the doors was broken in a way making it appear as if someone may have entered the store. Deputy Torres testified that while the clerk who reported the burglary waited outside the store, Deputy Torres entered the store through the hole in the glass and determined that nobody was in the store. According to Deputy Torres, the safe under the cash register was pulled out, Marlboro cigarette boxes were on the floor, and drawers in the manager's office were pulled out. Deputy Torres testified she was at the store about thirty minutes and then handed the investigation over to deputies assigned to the case.

Deputy Hazleton with the Jefferson County Sheriff's Office testified that when she was dispatched to the convenience store, Deputy Torres was at the end of her shift, and Deputy Hazleton took over the investigation. According to Deputy

Hazleton, she spoke to store personnel and determined that $27.66 was stolen from the store cash register. Deputy Hazleton testified that she watched surveillance video and observed an older-model gold four-door passenger car drive up to the building. She then observed a white male break into the right bottom of the glass door with a crowbar, hurriedly run into the back behind the register, touch the safe and cash register, and enter the back room and grab cartons of cigarettes before leaving the store. Deputy Hazleton testified that she viewed the video on the hard drive but she was unable to get a copy of it "on a disk or anything like that."

The owner of the convenience store testified that about $29 dollars was taken from the cash register, and thirty-three or thirty-four cartons of cigarettes were missing from the store, which amounted to approximately $2,000 of goods. He testified that he downloaded the surveillance video from the store to a CD. The CD was admitted into evidence.

Detective Powell with the Jefferson County Sheriff's Office testified that he was an investigator on the case. Detective Powell testified he obtained video footage from the store owner and part of the video was crucial in that it depicted the suspect's face and physical attributes. According to Detective Powell "still shots" from the video were posted on the sheriff department's Facebook page to identify the suspect. Detective Powell believed that, based on the direction from which the vehicle arrived

and departed on the video, the suspect was in or from an adjacent county. Detective Powell contacted a Chambers County detective, provided the photographs to the Chambers County detective, and the Chambers County detective immediately identified the subject as Danny Ray Smith.

Powell then testified as follows:

[Detective Powell:] . . . I then received a phone call from Kathy who contacted the sheriff's office and said, "Hey the person on that video camera is" --

[Defense counsel:] Judge, at this point, anything that he's going to say that she tells him, I'm going to object to on the basis of hearsay.

THE COURT: Sustained.

[Prosecutor:] You had talked to the Chambers County -- some Chambers County deputies, correct?

[Detective Powell:] Correct.

[Prosecutor:] And part of that investigation le[]d you to a suspect of Danny Ray Smith, right?

[Detective Powell:] Correct.

Detective Powell then testified that he received a call from Kathy Hoffpauir and visited Kathy at a car dealership in Winnie. According to Detective Powell, Kathy identified Smith from a photo line-up Detective Powell had prepared as the person depicted in the photographs on the sheriff's Facebook page. The photo line-up was admitted into evidence at trial.

4

Kathy testified that she works at Winnie Dodge in Winnie and she identified the defendant and the person she identified in the photo line-up as Danny Smith, whom she testified she had known "since [they] were kids." Kathy testified that she saw pictures from the burglary on Facebook and recognized the suspect as Danny Smith and called and reported it to Crime Stoppers. According to Kathy, Detective Powell called her and set up a meeting at her place of employment in Winnie and she identified Smith from a photo line-up Detective Powell provided to her.

Detective Arredondo with the Chambers County Sheriff's Office testified that Detective Powell sent him photographs in April 2017 about an investigation. Detective Arredondo testified that he had "not a doubt in [his] mind []" that the person in the photographs was Danny Ray Smith and Arredondo testified that he "dealt with [Smith] back when I worked with patrol[,]" he had seen Smith's face several times, they "had several contacts[,]" and Detective Arredondo stated he "just knew him through [his] experience." Detective Arredondo testified he showed the pictures to Sergeant King, who King informed Detective Arredondo about a traffic stop earlier in the day. Detective Arredondo testified that he then contacted Detective Powell about the suspect's identity.

Sergeant J.W. King with the Chambers County Sheriff's Office testified that he was on patrol on April 12, 2017, and initiated a stop based on a call that an

5

individual at the Speedy Stop was selling cigarettes out of the trunk of his car. Sergeant King testified that the car was described as a "tan vehicle" and he was given a possible license plate number. According to Sergeant King, he did not locate the vehicle in the first parking lot he went to but then located the vehicle at a nearby gas station. Sergeant King testified that when he pulled up, individuals were walking out of the store toward the tan vehicle with the same license plate number that had been reported. One of the individuals, whom Sergeant King knew outside of his job for years, identified himself with a Texas ID card as Danny Smith. Sergeant King testified he asked Smith about the cigarettes and Smith showed him ten to fifteen cartons of Marlboro and Newport cigarettes in the trunk of the gold sedan. According to Sergeant King, Smith told him he found the cartons in the ditch over by Terrell Park. Sergeant King told Smith he was not allowed to sell the cigarettes and then told him he was free to go. A video recording of the stop was admitted into evidence and played for the jury. Sergeant King testified that later that morning Arredondo showed him pictures, one of which included the burglary suspect's vehicle that matched the vehicle that King had stopped earlier that day. Arredondo said there were cigarettes stolen in Jefferson County, and King told him that he had talked to Danny Smith that morning and Smith had cigarettes in the trunk of his car.

6

## Hearsay

In issue one, Smith argues that "[r]eversible error occurred when the State elicited hearsay evidence from an unidentified detective identifying appellant as the perpetrator of the offense." In issue two, Smith argues "[r]eversible error occurred when the State elicited hearsay evidence by implication from a civilian identifying appellant as the perpetrator of the offense."

In issue one, Smith refers to Detective Powell's testimony about the conversations Powell had with the Chambers County deputies that led him to Smith as a suspect. According to Smith, "the hearsay testimony of the unidentified detective directly implicating appellant was clearly inadmissible, and so harmful that no instruction to disregard the evidence could have cured the error." Smith waived error as to the admission of this evidence because Detective Arredondo later testified that he was one of the Chambers County deputies to whom Detective Powell sent photographs and that Detective Arredondo contacted Detective Powell and identified Smith as the person in the photographs and as the suspect in the case. *See Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993) ("[E]rror regarding improperly admitted evidence is waived if that same evidence is brought in later by the defendant or by the State without objection."). The record also does not reflect that the defense ever made a hearsay objection at trial to Detective Powell's

statement about his conversation with the Chambers County deputies that then led to the identification of Smith as the perpetrator. Therefore, Smith failed to preserve this alleged error and we need not address it. *See* Tex. R. App. P. 33.1(a); *Wilson v. State*, 311 S.W.3d 452, 473-74 (Tex. Crim. App. 2010) (per curiam, op. on reh'g) (quoting *Ford v. State*, 305 S.W.3d 530, 532-33 (Tex. Crim. App. 2009)). We overrule issue one.

In issue two, Smith refers to his sustained hearsay objection to Detective Powell's testimony that "Kathy" contacted the sheriff's office and said, "Hey the person on that video camera is . . . ." According to Smith, "the follow-up hearsay of a statement made by Kathy, although not completed in the testimony, was clearly for the purpose of similarly identifying appellant." Smith contends that even though Detective Powell's testimony as to the identification by Kathy "was not reached before the sustained objection[,] [t]he obvious implication from the context immediately following the damaging identification testimony from the unidentified detective, was that she identified appellant." Just after the trial court sustained the hearsay objection, Detective Powell continued to testify and again stated that Kathy called the sheriff's office, Detective Powell met with Kathy at her place of employment, and Kathy identified Smith from a photo line-up. Smith did not make a hearsay objection during this part of the Detective's testimony. In addition, Kathy

8

testified that she saw pictures from the burglary on Facebook, recognized the suspect as Danny Smith, and that she called and reported it to Crime Stoppers. She also testified that the defendant in the courtroom and the person she identified in the photo line-up provided by Detective Powell was Danny Smith, a person she had known "since [they] were kids." Smith failed to contemporaneously object each time the objectionable evidence was proffered and failed to preserve the alleged error. *See Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Rogers*, 853 S.W.2d at 35; *see also* Tex. R. App. P. 33.1(a). We overrule issue two.

The trial court's judgment is affirmed.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on January 24, 2019
Opinion Delivered April 17, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

9